IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DARIUS QUINARD CARLISLE,**

  **Petitioner,**

**v.**             **Case No. 2:09-cv-01003**

**JOHN T. SHARTLE, Warden,**
**FCI Elkton, Lisbon, OH,**

  **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action for habeas corpus relief, filed pursuant to the provisions of 28 U.S.C. § 2241.  This case is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On December 13, 2004, Defendant entered guilty pleas to interference with commerce by threats or violence, and use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c)(1)(A).  United States v. Carlisle, Case No. 2:04-cr-00096-1 (S.D. W. Va.), docket ## 127-130.  On April 6, 2005, Defendant was sentenced to a total of 216 months of imprisonment,

to be followed by a five-year term of supervised release. Defendant was also ordered to pay restitution in the amount of $67,585.18, and a $200 special assessment. (Judgment in a Criminal Case, # 144.) The offenses arose out of the armed robbery and shooting of a pizza deliveryman. Defendant did not take a direct appeal.

On March 3, 2009, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (# 152). <u>Carlisle v. United States</u>, No. 2:08-cv-00142. On March 17, 2008, the undersigned filed Proposed Findings and Recommendation that Defendant's § 2255 motion be dismissed as time-barred (# 155). Defendant filed objections (# 156). By Memorandum Opinion and Judgment Order entered July 22, 2008, Judge Faber overruled the objections, adopted the proposed findings and dismissed the motion (## 168, 169).

Petitioner is incarcerated at FCI Elkton, Lisbon, Ohio. According to the Bureau of Prison's website, Petitioner's projected release date is September 26, 2019.

## **ANALYSIS**

Petitioner seeks the following relief:

Petitioner demands that his judgment and any orders be considered void for want of jurisdiction, the entire original criminal matter be dismissed for want of jurisdcition [sic] and the restraints upon the rights of the Petitioner as a result therefrom be removed by an immediate release from "custody" as a result of the clear violations of the constitution or the deprivation of the Petitioner's constitutionally protected right of the

same.

(Petition, # 1, at 14.)  The petition sets forth a lengthy and frivolous argument that federal district courts lack subject matter jurisdiction to try federal crimes; the document appears to be written for any federal inmate to use, as it makes no reference to Petitioner's case.

There are two reasons why the Petition must be dismissed. First, Petitioner is in the custody of a warden located at Lisbon, Ohio, in the Northern District of Ohio.  Section 2241 petitions should be filed in the district where the petitioner is in custody, not in the district where he was convicted and sentenced.

Second, the instant section 2241 petition amounts to a request for collateral review of Petitioner's conviction and sentence.  In view of the section 2255 proceedings previously conducted in Carlisle v. United States, 2:08-cv-00142, it must be deemed to constitute a successive petition without certification by the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3).  Under these circumstances, this court has no jurisdiction to consider Petitioner's claims, and this action must be dismissed.

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255

proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned has carefully examined Petitioner's Petition for Writ of Habeas Corpus and has concluded that it plainly appears that Petitioner is not entitled to relief in this case.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's petition in the instant case must be regarded a successive Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255.  As such, the District Court is without jurisdiction to consider Petitioner's petition because Petitioner has not obtained certification to file a successive petition from the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3).[1]  In addition, this Court lacks jurisdiction because Petitioner is not incarcerated in this District.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (# 1), **DENY** his motion for leave to file *in forma pauperis* (# 2), **DENY** his motion for an order to show cause (# 3), and **DISMISS** this matter from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Rule 6(a) of the Federal Rules of Civil Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed

---

[1] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to the United States Attorney's Office.

  November 25, 2009  
         Date

                                        Mary E. Stanley
                                        United States Magistrate Judge